1   LAUREN HANSEN (SBN 268417)
    PATTI PRUNHUBER (SBN 277439)
2   MICHAEL RAWSON (SBN 95868)
    THE PUBLIC INTEREST LAW PROJECT
3   449 15th Street, Suite 301
    Oakland, CA 94612
4   Telephone:  (510) 891-9794
    Fax:  (510) 891-9727
5   Email:  lhansen@pilpca.org

6   STEPHANIE HAFFNER (SBN 194192)
    ROBERT D. NEWMAN (SBN 86534)
7   WESTERN CENTER ON LAW & POVERTY
    449 15th Street, Suite 301
8   Oakland, CA 94612
    Telephone:  (213) 235-2617
9   Fax:  (510) 251-0600
    Email:  shaffner@wclp.org
10

    PILLSBURY WINTHROP SHAW PITTMAN LLP
11  THOMAS V. LORAN III (SBN 95255)
    ELAINE LEE (SBN 293452)
12  STACIE O. KINSER (SBN 300529)
    PHILIP SHECTER (SBN 300661)
13  Four Embarcadero Center, 22nd Floor
    San Francisco, CA 94111
14  Telephone:  (415) 983-1000
    Fax:  (415) 983-1200
15  Email:  thomas.loran@pillsburylaw.com

16  Attorneys for Plaintiffs and the Plaintiff Class

17                  UNITED STATES DISTRICT COURT

18               NORTHERN DISTRICT OF CALIFORNIA

19
    DONALD RAY LILLEY, JARVIS            Case No.:
20  JOHNSON, and DANIEL
    MALLORY, individually and on         **CLASS ACTION**
21  behalf of all others similarly situated,
                                         **COMPLAINT FOR INJUNCTIVE AND**
22              Plaintiffs,              **DECLARATORY RELIEF**

23  vs.                                  **(Fed. R. Civ. P. 23(b)(2))**

24  COUNTY OF ALAMEDA; BOARD
    OF SUPERVISORS OF ALAMEDA
    COUNTY; ALAMEDA COUNTY
25  SOCIAL SERVICES AGENCY; and
    LORI COX, in her official capacity as
26  Director of the Alameda County
    Social Services Agency,
27
                Defendants.
28

---

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

INTRODUCTION

1.  Plaintiffs Donald Ray Lilley, Jarvis Johnson, and Daniel Mallory bring this action individually and on behalf of a class of persons (the "Class" or the "Plaintiff Class") consisting of all current and future applicants for regular and expedited CalFresh (Food Stamp) benefits from defendant Alameda County ("Alameda County" or the "County"). This suit challenges Alameda County's widespread failure to timely determine eligibility for CalFresh (Food Stamp) benefits. The ongoing and persistent failure and/or refusal of the named Defendants to ensure, on a county-wide basis, the processing of CalFresh applications within the time limits mandated by federal and state law has resulted and continues to result in substantial delays in providing CalFresh benefits to thousands of low-income households in Alameda County critically in need of this assistance to help them feed themselves and their families and provide them with adequate food and nutrition. Indeed, the County's failure to comply with federal and state mandated timelines has resulted in a backlog of 10,657 pending applications as of July 2015. As a result, needy Alameda County residents are facing undernutrition and hunger, homelessness, and serious health risks.

2.  CalFresh applications must be processed, and benefits issued to those eligible, as soon as possible, but no later than 30 days after the date a person submits an application. 7 U.S.C. § 2020(e)(3); 7 C.F.R. § 273.2(a), (g)(1), (3); Cal. Welf. & Inst. Code § 18911(a). Applicants in emergency situations with very low-income and few resources may qualify for expedited food stamps. 7 U.S.C. § 2020(e)(9); 7 C.F.R. § 273.2(i); MPP § 63-301.51.[1] The County must issue these benefits to eligible persons within three calendar days. Cal. Welf. & Inst. Code § 18914(b) (implementing 7 C.F.R. § 273.2(i)); MPP § 63-301.531(a)).

---

[1]  "MPP" refers to the California Department of Social Services' Manual of Policies and Procedures containing the CalFresh regulations. The MPP or Manual is found at: http://www.dss.cahwnet.gov/ord/PG303.htm (last visited September 24, 2015).

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    3.    In violation of these mandates, Alameda County is processing regular and

2    emergency applications well beyond the respective 30-day and three-day time limits.  In

3    July 2015, the most recent month for which data are publicly available, 24.7% of all regular

4    (30-day) CalFresh applications were decided late due to County delay.    Meanwhile,

5    applications for emergency assistance are processed late at least 13% of the time and

6    County policies ensure that the actual rate of late payment of emergency benefits is far

7    greater.

8    4.    Plaintiff Donald Ray Lilley has been waiting for 52 days for the County to

9    process his application and without the CalFresh benefits, is not getting enough food to eat.

10   In desperate need of food, on September 21, 2015, Plaintiff Jarvis Johnson filed a request

11   for expedited service on his CalFresh application.  Eight calendar days later, the County has

12   not yet issued a decision or benefits.  This delay is five days longer than the California- and

13   federal-mandated timeframe.    Plaintiff Daniel Mallory's application for expedited food

14   stamps has been lingering unprocessed for 25 days and the County still has not issued him

15   benefits.  All three Plaintiffs are eligible for food stamps, and in all three circumstances, the

16   County unlawfully delayed the processing of their applications and issuance of benefits.

17   5.    The County has a longstanding policy, pattern, practice, and custom of

18   failing and refusing to timely process CalFresh applications.    Plaintiffs therefore seek

19   declaratory and preliminary and permanent injunctive relief on behalf of themselves and, in

20   accordance with Fed. R. Civ. P. 23(a) and 23(b)(2), on behalf of the Class of similarly

21   situated CalFresh applicants, to remedy Defendants' violations of their rights under federal

22   and state law and to enjoin Defendants' failure and/or refusal to process CalFresh

23   applications, and to provide CalFresh benefits to eligible applicants, on a timely basis.

24

25                                    JURISDICTION

26   6.    This Court has jurisdiction over the subject matter of this action pursuant to

27   28 U.S.C. §§ 1331 and 1367.  Plaintiffs' action for declaratory and injunctive relief is

28   authorized by 28 U.S.C. §§ 1343, 2201, and 2202 and by Fed. R. Civ. P. 57 and 65.

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

4814-6954-0649.v1

1    7.    Plaintiffs' claim for violations of California state law concerns the same

2  actions and omissions that form the basis of Plaintiffs' claim under federal law such that the

3  California state law claim is part of the same case or controversy.  This Court therefore has

4  supplemental jurisdiction over the California state law claim pursuant to 28 U.S.C. § 1367.

5

6                    VENUE AND INTRADISTRICT ASSIGNMENT

7    8.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part

8  of the events or omissions giving rise to the claims herein occurred in this District, and

9  because all Defendants named herein reside in, maintain offices in, or are responsible for

10  enforcing the laws relevant to this litigation in this District.

11    9.    In accord with Local Rule 3-2 and Local Rule 3-5, this civil action should be

12  assigned to the San Francisco Division or to the Oakland Division of this Court because a

13  substantial part of the events or omissions which give rise to the claims herein have

14  occurred and are occurring in Alameda County.

15

16                          RIGHT OF ACTION

17    10.    Title 42 of the United States Code, § 1983 confers a right of action to

18  enforce the federal statutes cited herein.  California Code of Civil Procedure § 1085 confers

19  a right of action to enforce the California state statutes cited herein.

20

21                              PARTIES

22    11.    Plaintiff Donald Ray Lilley is a resident of the City of Livermore, in the

23  County of Alameda and brings this action both individually and on behalf of the Plaintiff

24  Class.

25    12.    Plaintiff Jarvis Johnson is a resident of the City of Oakland, in the County of

26  Alameda and brings this action both individually and on behalf of the Plaintiff Class.

27    13.    Plaintiff Daniel Mallory is a resident of the City of Berkeley, in the County

28  of Alameda and brings this action both individually and on behalf of the Plaintiff Class.

1       14.     Alameda County is a political body of the State of California and, pursuant

2   to federal and state law, is required to oversee and monitor the Social Services Agency.

3       15.     Defendant Board of Supervisors of Alameda County (the "Board of

4   Supervisors") is the legislative body charged by law with managing the County

5   government.

6       16.     Defendant Alameda County Social Services Agency (the "Agency") is the

7   local public agency responsible for administering Alameda County's CalFresh program

8   within the County, including ensuring timely processing of CalFresh applications.

9       17.     Defendant Lori Cox is the Director of the Agency. Plaintiffs sue Ms. Cox in

10   her official capacity only. Ms. Cox is responsible for the enforcement, operation, and

11   execution of laws pertaining to the Agency's administration of the CalFresh program,

12   including the timely processing of CalFresh applications.

13       18.     At all relevant times, all four of the named Defendants were, are, and have

14   been acting in concert with respect to the administration of the CalFresh program such that

15   each such Defendant is, was, and has been at all relevant times acting as the agent of each

16   of the other Defendants with reference to the matters alleged herein. To obtain complete

17   relief and to avoid the need for the filing of a multiplicity of legal actions, Plaintiffs and the

18   Class have sued all four of the named Defendants herein for declaratory and injunctive

19   relief.

20

21                 FACTS PERTAINING TO EACH NAMED PLAINTIFF

22       19.     Plaintiff Donald Ray Lilley is disabled and has a current application pending

23   for Supplemental Security Income (SSI). He currently receives General Assistance

24   benefits. After paying rent, he does not have enough money left to pay for food with his

25   meager public assistance grant. While waiting for food stamps, there have been days when

26   he does not have enough to eat and he has experienced health problems due to poor

27   nutrition. Mr. Lilley applied for CalFresh benefits on August 7, 2015. The County sent

28

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

4814-6954-0649.v1

1    him just one notice, informing him that his caseworker has changed.  As of the date of

2    filing of this complaint, the County has not issued him the benefits to which he is entitled.

3        20.    Plaintiff Jarvis Johnson is a 53-year old man with disabilities.  He receives

4    General Assistance benefits of $336 per month.  After paying for rent and utilities, he has

5    $10 to survive on per month.  Desperately needing additional assistance, he applied for

6    CalFresh benefits on September 10, 2015.  After learning he was eligible for expedited

7    benefits, Mr. Johnson requested expedited Food Stamps from the County on September 21,

8    2015. More than one week later, the County still has not issued Mr. Johnson benefits.

9        21.    Plaintiff Daniel Mallory is unemployed, after losing a job for which he is

10   owed unpaid wages.  Without any income to pay for food, he applied for expedited

11   CalFresh with the County on September 3, 2015.  Despite providing identification and

12   indicating that his housing costs exceed his income and resources combined, the County has

13   not issued him expedited food stamps.  Twenty-five days later, he is still waiting for

14   expedited CalFresh assistance.

15

16                CLASS DEFINITION AND CLASS ACTION ALLEGATIONS

17       22.    Plaintiffs Donald Ray Lilley, Jarvis Johnson, and Daniel Mallory seek to

18   represent the Class consisting of current and future applicants for CalFresh (Food Stamp)

19   benefits from Alameda County.  As such, this action is maintainable as a class action

20   pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

21       23.    The requirements of Rule 23(a)(1) are met in that the Class is so numerous

22   that joinder of all members is impracticable.  According to data reported by the County to

23   the California Department of Social Services ("CDSS"), the number of new applicants for

24   CalFresh benefits has exceeded 3,900 in each month of 2015.  The County's most recent

25   reported data show that as of the end of July 2015, 10,657 applications are pending with no

26   decision rendered. The Class is also fluctuating, in that as they apply for benefits, new

27   people regularly will qualify to be members of the Class.

28

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

4814-6954-0649.v1

1        24.     In accordance with the requirements of paragraph (2) of Fed. R. Civ. P.

2    23(a), members of the Class share common issues of law and fact, including whether

3    Alameda County has a policy, pattern, practice, and custom of failing and/or refusing to

4    process regular and expedited CalFresh (Food Stamp) applications within statutorily

5    mandated time periods and whether any such policy, pattern, practice, or custom violates

6    federal or state law.

7        25.     The claims of the named Plaintiffs are typical of the claims of the class they

8    represent (within the meaning of paragraph (3) of Rule 23(a)).  Plaintiff Donald Ray Lilley

9    applied for food stamps and has experienced a lengthy and unlawful delay by the County in

10   the processing of his application and issuance of benefits.  Plaintiffs Jarvis Johnson and

11   Daniel Mallory applied for and are eligible for expedited food stamps, and both have

12   experienced the County's failure to timely process their applications, going without the

13   prompt emergency assistance to which they are entitled.

14       26.     In accordance with paragraph (4) of Fed. R. Civ. P. 23(a), Plaintiffs will

15   fairly and adequately protect the interests of the Class.  Plaintiffs know of no conflict of

16   interest between any of themselves and the Class or any Class members and are likewise

17   unaware of any conflict of interest between or among any of the Class members.

18       27.     Plaintiffs are represented by experienced counsel who will adequately

19   represent the interests of the Class.

20       28.     Defendants have acted, and continue to do so, on grounds generally

21   applicable to the Class that Plaintiffs represent, thereby rendering appropriate injunctive

22   and declaratory relief for the Class as a whole in accordance with paragraph (2) of Fed. R.

23   Civ. P. 23(b).

24

25               <u>STATUTORY AND REGULATORY BACKGROUND</u>

26       29.     The federal Supplemental Nutrition Assistance Program ("SNAP"), formerly

27   known as the Food Stamp Program, was initiated in 1964 pursuant to the Food Stamp Act

28

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4814-6954-0649.v1

1   (the Act).[2]  The express purpose of SNAP is to "safeguard the health and well-being of the

2   Nation's population by raising levels of nutrition among low-income households."

3   7 U.S.C. § 2011.   SNAP provides federally-funded benefits to eligible low-income

4   households to help them purchase food. *Id.* § 2011 *et seq.*

5        30.     SNAP is administered nationally by the United States Department of

6   Agriculture ("USDA"), which is responsible for issuing regulations consistent with the Act.

7   *Id.* § 2013(a), (c).   States that participate in the program designate a state agency to

8   administer the program at the state level. *Id.* § 2012(t).  State agencies must administer the

9   program in compliance with the Act and its implementing regulations. *Id.* § 2020(e).

10        31.     In California, CDSS is the designated state agency responsible for

11   administering SNAP.  California has delegated the operation of its food stamp program to

12   county governments, and each county welfare department must administer the Food Stamp

13   program, in accordance with CDSS rules and regulations.   Cal. Welf. & Inst. Code

14   §§ 10604-10605, 18902.  California has named its SNAP program "CalFresh."

15        32.     To be financially eligible for CalFresh, a household, defined as a group of

16   people who purchase and prepare food together, must have income below 100% of the federal

17   poverty level after deductions that account for housing, dependent care, and medical expenses,

18   among other exclusions and deductions.  7 U.S.C. § 2014(c)(1).  As of 2015, that figure for a

19   family of three is $20,090 per year or $1,675 per month. *Id.*; 80 Fed.Reg. 3236-37 (Jan. 22,

20   2015).   Eligible households that do not have a member who is over age 60 or who is

21   considered disabled must also have income, prior to deductions, less than 200% of the federal

22   poverty level.  7 U.S.C. §§ 2014(a), (c)(2); 7 C.F.R. § 273.2(j)(2)(C); Cal. Welf. & Inst. Code

23   §18901.5; All County Letter (ACL) 14-56 (August 22, 2014) at page 2.  This amount is

24   currently $40,180 per year or $3,349 monthly for a family of three. *See* 80 Fed. Reg.

25   3236-37.

26

27   _____

[2]        On June 18, 2008, Congress amended the Food Stamp Act by renaming the Food
28   and Nutrition Act of 2008.  Pub. L. No. 110-246, § 4001.

1    33.    Pursuant to federal law, counties must process food stamp applications and

2  issue benefits to those eligible no later than 30 days after the date of application. 7 U.S.C.

3  § 2020(e)(3); 7 C.F.R. § 273.2(a), (g)(1), (3).

4    34.    Under federal law, expedited food stamps benefits must be provided no later

5  than seven days following the date of application when eligible applicants have extremely

6  low income and resources or cannot meet their monthly housing expense. 7 U.S.C. §

7  2020(e)(9); 7 C.F.R. § 273.2(i)(1), (i)(3)(i). Federal law permits a state to adopt a shorter

8  time frame, and California has done so—benefits must be issued to households eligible for

9  expedited service within three calendar days of application. Cal. Welf. & Inst. Code § 

10  18914(b); California Department of Social Services Manual of Policies and Procedures

11  (MPP) § 63-300.1.

12    35.    State law further mandates that aid to the "needy and distressed" must be

13  provided "promptly and humanely." Cal. Welf. & Inst. Code § 10000.

14

15                        STATEMENT OF FACTS

16        County Non-Compliance with Regular CalFresh Processing Timeframes

17    36.    CDSS requires each county in the State of California to report its CalFresh

18  application statistics on a monthly basis. According to data reported by Alameda County,

19  on average 19.4% of its applications were processed late due to County delay in the past

20  year. In the most recent month for which data is available, July 2015, of the applications

21  approved, approximately 21.5% were approved late due to County delay. Of those

22  applications denied, approximately 30.5% were denied after the 30 day deadline due to

23  County delay.

24    37.    The following table shows the degree of late processing over the most recent

25  twelve months for which data is available:

26  ///

27  ///

28

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4814-6954-0649.v1

1                              Table 1

2       CDSS DFA 296 – Alameda Data for Regular Processing of CalFresh Applications[3]

| Month | Number of Processed Applications[4] | Number of Late Approved Applications[5] | Number of Late Denied Applications[6] | Percentage of Total Late Applications[7] |
|---|---|---|---|---|
| August 2014 | 3,739 | 293 | 286 | 15.5% |
| September 2014 | 3,738 | 293 | 358 | 17.4% |
| October 2014 | 4,061 | 329 | 392 | 17.8% |
| November 2014 | 3,026 | 264 | 263 | 17.4% |
| December 2014 | 3,246 | 292 | 263 | 17.1% |
| January 2015 | 3,385 | 317 | 309 | 18.5% |
| February 2015 | 3,134 | 327 | 276 | 19.2% |
| March 2015 | 3,944 | 443 | 380 | 20.9% |
| April 2015 | 3,788 | 411 | 286 | 18.4% |
| May 2015 | 3,806 | 438 | 446 | 23.2% |
| June 2015 | 4,310 | 561 | 327 | 22.9% |
| July 2015 | 4,722 | 653 | 518 | 24.7% |
| **12 Month Average**[8] | **3,742** | **385** | **342** | **19.4%**[9] |

17    ///

18    ///

---

[3]     All tables and charts are created using the Alameda County data from the CDSS Monthly DFA 296 Report (DFA 296): http://www.cdss.ca.gov/research/PG353.htm

[4]     "Number of Total Applications" is calculated by adding "Applications approved" (Column 7), "PACF Applications denied" (Column 10), and "NACF Applications denied" (Column 11).

[5]     "Number of Late Approved Applications" is calculated by adding "PACF Applications approved in over 30 days (CWD caused)" (Column 8) and "NACF Applications approved in over 30 days (CWD caused)" (Column 9).

[6]     "Number of Late Denied Applications" is calculated by adding "PACF Applications denied in over 30 days (CWD caused)" (Column 12) and "NACF Applications denied in over 30 days (CWD caused)" (Column 13).

[7]     "Percentage of Total Late Applications" is calculated by adding "Number of Late Approved Applications" and "Number of Late Denied Applications" and dividing the total by "Number of Total Applications."

[8]     "12 Month Average" is the average of each total over the last 12 months.

[9]     See footnote 5, *supra*.

4814-6954-0649.v1

1      38.      Alameda County ranked worst of the 58 counties in the State, in timely

2  processing both approved and denied applications, according to a CDSS report of average

3  application processing times from August 2014 to July 2015.[10]

4              County Non-Compliance with Expedited CalFresh Processing Timeframes

5      39.      For expedited service benefits, counties report data to CDSS on a quarterly

6  basis.  Data reported by Alameda County show that for April through June 2015, 10.4% of

7  applications for expedited CalFresh (emergency food stamps) were paid late due to County

8  delay,  and  for  the  period  from  January  through  March  2015,  14.6%  of  emergency

9  applications were processed late due to County delay.[11]

10     40.      The County has a Food Stamp Handbook that provides guidance to Agency staff.

11  Handbook Section 63-03.02 states, "The 3-day timeframe shall begin the day the ET [Eligibility

12  Technician] identifies that the household meets the criteria for ES [Expedited Service] and not on

13  the date the application was filed."  This proviso directly violates the requirements in Cal. Welf.

14  & Inst. Code § 18914(b) and MPP §§ 63-301.531(a) & 63-301.522, which provide that the

15  three-day processing time for expedited benefits begins on the date the application is submitted

16  (i.e., filed).

17     41.      According to this same Handbook Section, the County's data-keeping system is

18  "not programmed correctly to report statistics of late [expedited service] determinations.  Until

19  further  instructions  are  provided…issue  the  benefits  as  soon  as  administratively  possible."

20  Therefore, on information and belief, the extent of the problem with untimely processing of

21  expedited CalFresh (Food Stamp) benefit applications is even worse than the data reported by the

22  County to the State.

23

24

25    [10]     These statistics are from a comparison of counties' 12 month averages for the period

26  August           2014          to          July         2015,           at
    http://www.cdsscounties.ca.gov/foodstamps/res/pdf/Regular.pdf.

27    [11]     This number was calculated by adding column 4a2 on p. 6 of the DFA 296X to
    column 4a3 on p. 6 of the DFA 296X, and then dividing by the total number of expedited
28  services applications approved, at column 4a, on p. 5 of the DFA 296X.

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4814-6954-0649.v1

1    <u>The Problem Has Resulted in a Serious Backlog of Applications</u>

2    42.    Meanwhile, Alameda County data show the number of pending applications as

3    of its May, June, and July 2015 reports was 11,837, 11,541, and 10,657, respectively.  The

4    backlog continues to exceed over *two times* the average number of applications received each

5    month.

6

7    <u>COMMON ALLEGATIONS REGARDING INJUNCTIVE AND DECLARATORY</u>

8    <u>RELIEF</u>

9    43.    By reason of the foregoing, an actual and present controversy has arisen and

10    now exists between Plaintiffs and the Class, on the one hand, and Defendants, on the other

11    hand.  With respect to such controversy, Plaintiffs and the Class contend that Defendants

12    are violating their respective rights under the laws of the United States and the State of

13    California by failing and/or refusing timely to process CalFresh applications and by failing

14    and/or refusing timely to provide CalFresh benefits to eligible households within 30 days of

15    the date of the application or within three days of the date of the application for those

16    eligible households entitled to expedited services, while Plaintiffs and the Class are

17    informed and believe and on that basis allege that each of Defendants disputes and denies

18    each of the foregoing contentions.

19    44.    A declaration by this Court that Defendants have engaged in a pattern and

20    practice of violating Plaintiffs' and the Class's rights under federal and state law to the

21    timely processing of their CalFresh applications and to the timely receipt of their CalFresh

22    benefits is therefore necessary and appropriate at this time.

23    45.    Defendants' failure and refusal to comply with the time requirements of

24    federal and state law for processing CalFresh (Food Stamp) benefit applications and for

25    providing such benefits to eligible applicants has proximately resulted and, unless

26    restrained and enjoined, will continue to result in imminent and irreparable harm to

27    Plaintiffs and members of the Plaintiff Class.  By continuing to fail and/or refuse to make

28    timely application decisions, Defendants' are delaying needed food assistance to Plaintiffs

- 12 -
<u>CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

1    and Class members, forcing Plaintiffs and Class members to choose between meeting their

2    nutritional needs or other basic needs.   The problem has grown for over two years and

3    threatens to continue to grow, causing harm to Plaintiffs and Class members absent

4    injunctive relief.

5          46.    Plaintiffs and members of the Class have no plain, adequate, or complete

6    remedy at law to address the failure to timely process applications described herein.

7    Plaintiffs and the Plaintiff Class therefore seek injunctive relief restraining Defendants from

8    engaging in the unlawful acts described herein.

9

10                        **FIRST CLAIM FOR RELIEF**

11       **(Violation of federal law by failing to provide timely CalFresh benefits)**

12         47.    Plaintiffs re-allege and incorporate by reference each and every allegation

13   contained in paragraphs 1 through 46.

14         48.    While acting under color of law, Defendants have developed and maintained

15   a policy, pattern, practice, and custom of failing and/or refusing to determine CalFresh

16   (Food Stamp) eligibility and issue CalFresh (Food Stamp) benefits within thirty days of

17   application and within three calendar days of application for expedited benefits, thereby

18   depriving Plaintiffs and members of the Class of their respective rights under 7 U.S.C.

19   §§ 2020(e)(3) and (e)(9); 7 C.F.R. §§ 273.2(a)(2), (g)(1), and (i)(3)(i).

20

21                        **SECOND CLAIM FOR RELIEF**

22       **(Violation of state law by failing to provide timely CalFresh benefits)**

23         49.    Plaintiffs re-allege and incorporate by reference each and every allegation

24   contained in paragraphs 1 through 46.

25         50.    Defendant's policy, pattern, practice, and custom of failing and/or refusing

26   to determine eligibility for CalFresh (Food Stamp) benefits within thirty days of application

27   and within three calendar days of application for expedited benefits violate the rights of

28

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
4814-6954-0649.v1

1    Plaintiffs and members of the Plaintiff Class under Cal. Welf. & Inst. Code §§ 10000,

2    18914(b); and MPP §§ 63-300.1, 63-301.531(a) & 63-301.522.

3

4                                    PRAYER FOR RELIEF

5         WHEREFORE, Plaintiffs and the Plaintiff Class respectfully request that this Court

6    enter judgment in their favor and against Defendants, and each of them, as follows:

7         (a)    Assert jurisdiction over this action;

8         (b)    Certify this action as a class action on behalf of all current and future

9                applicants for regular and expedited CalFresh (Food Stamp) benefits from Alameda

10               County, pursuant to Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil

11               Procedure;

12        (c)    Grant a temporary restraining order and preliminary injunction *pendente lite*

13               and a permanent injunction thereafter restraining and enjoining Defendants, and

14               each of them and all persons acting in concert with any of them, from failing and/or

15               refusing to process applications of, and from failing and/or refusing to issue

16               CalFresh benefits to, Plaintiffs and the Class within federal- and state-mandated

17               time frames;

18        (d)    Declare that Defendants' policy, pattern, practice, and custom of failing

19               and/or refusing to determine regular CalFresh applications within 30 days of the

20               date of application and expedited CalFresh applications within three days of the date

21               of application violate the rights of Plaintiffs and the Class under federal and state

22               law and further declare that Defendants' further policy, pattern, practice, and custom

23               of failing and/or refusing timely to provide CalFresh benefits to eligible

24               impoverished households in Alameda County within the time mandated under

25               federal and state law likewise violate the rights of Plaintiffs and the Class

26               thereunder;

27

28

- 14 -

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   (e)     Award reasonable costs and expenses incurred in the prosecution of this

2   action, including reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988

3   and 1920 and Cal. Code of Civil Procedure § 1021.5; and

4   (f)     Grant any and such other and further relief as the Court may deem just and

5   proper.

6

7   Dated:  September 29, 2015.

8                   Respectfully Submitted:

9                       THE PUBLIC INTEREST LAW PROJECT

10

11                      WESTERN CENTER ON LAW & POVERTY

12                      PILLSBURY WINTHROP SHAW PITTMAN LLP

13

14          By _____

15                          Lauren Hansen

16                      Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -
CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF